IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Gary Wayne Carter,<br><br>    Plaintiff,<br><br>v.<br><br>John Brad Whitesides, Capt. Eric Jaillette, Lancaster Sheriff's Department,<br><br>    Defendants. | C/A: 0:23-cv-779-SAL<br><br><br>**ORDER** |

Plaintiff Gary Wayne Carter, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Defendants moved to stay this case pending resolution of Plaintiff's state criminal proceedings. [ECF No. 17.] This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the stay be granted. [ECF No. 23.] Plaintiff filed objections to the Report, ECF No. 25, and Defendants filed a response to those objections, ECCF No. 26. This matter is ripe for the court's review.

**BACKGROUND AND PROCEDURAL HISTORY**

Generally, Plaintiff alleges Defendants violated his constitutional rights by lying and planting drugs. The complaint alleges that Defendant Jaillette lied in an affidavit to secure a search warrant of Plaintiff's home. [ECF No. 1 at 6.] Plaintiff's home was searched, and, according to Plaintiff, the written inventory from the search did not include any drugs. *Id.* Plaintiff further alleges that Defendant Whitesides later planted drugs on him. *Id.* at 7. Plaintiff is facing state criminal charges because of this incident. The magistrate judge authorized service of process in this case. [ECF No. 13.] Rather than answer the complaint, Defendants moved to stay, asking the

1

court to stay this action until the underlying state criminal charges are resolved. [ECF No. 17.] Defendants also moved for a twenty-one-day extension of their answer deadline, to commence once the stay is lifted. [ECF No. 20.] Plaintiff opposes those motions. [ECF Nos. 19, 21.]

In the Report, the magistrate judge outlines the complaint and recommends the court grant Defendants' motion to stay. [ECF No. 23.] As explained by the magistrate judge, under *Heck v. Humphrey*, 512 U.S. 477 (1994),

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

512 U.S. at 487. However, the Supreme Court has explained that *Heck* does not apply to the pre-conviction setting. In *Wallace v. Kato*, 549 U.S. 384 (2007), the Court explained that when a plaintiff files a § 1983 claim "related to rulings that will likely be made in a pending or anticipated criminal trial[,]" it is appropriate for a district court to stay "the civil action until the criminal case or likelihood of a criminal case is ended." 549 U.S. at 393–94. Based on *Wallace*, the magistrate judge recommended staying this action, reasoning "Plaintiff is asking the federal court to make determinations identical to the determinations that must also be made in the state court, i.e., whether the search of his home was valid and whether he is guilty of the drug charges that are now pending." [ECF No. 23 at 3.] The magistrate judge further recommended Plaintiff be ordered to provide updates to the court on the status of his state criminal charges every six months and to notify the court when those charges are resolved. *Id.* at 3–4. The magistrate judge also recommended granting Defendants' motion for an extension of their answer deadline. *Id.* at 4.

As detailed below, Plaintiff objects to those recommendations. [ECF No. 25.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Having reviewed the Report, the objections, and record in this case, the court agrees that this case should be stayed. Plaintiff offers various objections, primarily based on the facts of his case, but he offers no basis to reject a stay where it is called for by Supreme Court precedent. In Plaintiff's first objection, he attempts to distinguish the facts of his case from the facts of *Heck*— "in Heck v. Humphrey drugs was located and took in for Evidence. In my case it's the complete oppisite of that there were no drugs found at all . . . ." [ECF No. 25 at 1 (errors in original).] Next, Plaintiff objects to the recitation of facts in the Report. He asserts, "I'm not saying a officer planted drugs to secure a search warrant. I'm saying he lied and said there was Herion in plain sight on the affidavit to secure an illegal search warrant." *Id.* at 2 (errors in original). Plaintiff also argues the Report misstates his claims because he is not alleging drugs were planted during the search; rather, he alleges "[t]hey were planted on me 30 hours later a whole day later after the search by these two cops." *Id.*

Even assuming all the facts as stated by Plaintiff are correct, they have no bearing on the recommendation that this case be stayed. There is no dispute that Plaintiff is facing state criminal charges as a result of the incident that is the subject of his complaint, and there are common issues

4

that will need to be decided in this court and in state court. *See* ECF No. 23 at 2–3. In accordance with *Wallace*, a stay is appropriate. Plaintiff's objections are overruled.

Plaintiff generally objects to the recommendation that the court grant Defendants' motion for an extension of time to file their answer. But the court overrules that objection, finding the extension is appropriate since the stay is being granted.

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 23, and incorporates it by reference here. The court **GRANTS** Defendants' motion to stay, ECF No. 17, and the motion for an extension of time to file answer, ECF No. 20. As a result, this matter is **STAYED** pending resolution of Plaintiff's criminal charges. Defendants will be given twenty-one days from the day the stay is lifted to file their answer. The court further directs Plaintiff to apprise the court of the status of his criminal proceedings every six months[1] and to notify the court when the criminal charges are resolved and the stay can be lifted.

**IT IS SO ORDERED.**

October 30, 2023                                                          Sherri A. Lydon
Columbia, South Carolina                                         United States District Judge

---

[1] Those status reports should begin six months from the date of this order.