IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Wayne Carter,<br><br>                Plaintiff,<br><br>v.<br><br>John Brad Whitesides; Capt. Eric Jaillette; Lancaster Sheriff's Department,<br><br>                Defendants. | C/A No. 0:23-cv-00779-SAL<br><br><br>**ORDER** |

Plaintiff Gary Wayne Carter, a pro se litigant, filed this civil action pursuant to 42 U.S.C. § 1983 and South Carolina law against John Brad Whitesides, Capt. Eric Jaillette, and the Lancaster Sheriff's Department, alleging Defendants violated his constitutional rights by lying and planting drugs, which resulted in state criminal charges against Plaintiff. On October 30, 2023, the court granted Defendants' motion to stay this action pending resolution of Plaintiff's state criminal charges. [ECF No. 28.] The court's order was mailed that same day. [ECF No. 30.] On March 3, 2024, the mailed order was returned as undeliverable. [ECF No. 31.] The court remailed a copy of the order staying this case to the Plaintiff's address of record on March 7, 2024, but, again, it was returned labeled "Undeliverable. Not Here. Return To Sender. Attempted - Not Known. Unable To Forward." [ECF Nos. 32, 33, 34.]

After the order was returned as undeliverable a second time, United States Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") recommending that this action be dismissed with prejudice in accordance with Fed. R. Civ. P. 41(b) unless Plaintiff notified the court whether he wished to continue this case and provided a current address. [ECF No. 35.] That Report was filed and mailed on March 26, 2024. On April 11, 2024, it was returned as

1

undeliverable. [ECF No. 37.] Plaintiff has not provided any status report regarding his criminal proceedings or a current mailing address to the court. Notably, Plaintiff was informed at the beginning of this case that he must keep the court advised in writing if his address changed for any reason. *See* ECF No. 13 at 3. Plaintiff also has not filed objections to the Report, and the time to do so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 35, and incorporates it by reference herein. As a result, this matter is **DISMISSED with prejudice pursuant to Fed. R. Civ. P 41(b).**

    **IT IS SO ORDERED.**

June 5, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge